UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN F. ROBINSON,

        Plaintiff,                                Case Number: 20-13189
                                                                   Honorable David M. Lawson
v.

GENESEE COUNTY JAIL,

        Defendant.
_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

This matter is before the Court on plaintiff Calvin F. Robinson's application to proceed *in forma pauperis*. The plaintiff alleges that he was verbally abused and unlawfully detained by Genesee County Jail supervisors and brings a claim against the jail for false imprisonment under 42 U.S.C. § 1983. Robinson's affidavit indicates that he qualifies for waiver of the prepayment of the filing fee. However, before the case can go forward, the complaint must be screened for colorable merit, since the case was filed by a litigant proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Because the complaint does not allege facts that state a plausible claim against the defendant, the Court will dismiss it.

Robinson alleges that he was arrested, booked, and detained at the Genesee County Jail on March 24, 2020. He says that the following day, he asked to speak with a supervisor but repeatedly was "verbally assaulted" by the jail deputies. He contends that he then was placed in a safety cell for a while and was detained unlawfully for over thirty days. The target of his complaint is the Genesee County Jail.

When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if

it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although the complaint of a litigant proceeding without a lawyer must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted, Robinson bases his claim on 42 U.S.C. § 1983, which provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of

the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. Although the named defendant is the Genesee County Jail, it is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007), *abrogation on other grounds recognized by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017) (county sheriff's department is not a "person" subject to liability under § 1983). Construing the complaint liberally, however, the Court will assume that Robinson intends to sue Genesee County.

Local governmental entities, like Genesee County, cannot be held liable under section 1983 solely for the acts of their agents; they are accountable under that statute for their own conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable [under section 1983] solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). The plaintiff, therefore, must point to an official policy, custom, or practice of that jail as the source of the constitutional violation. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). And he must allege facts that show a causal connection between the policy and the injury. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir.

2012). "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Robinson has not stated a plausible claim against Genesee County because his allegations focus exclusively on his interactions with individual jail guards, not the county itself. *Monell*, 436 U.S. at 691. He alleges no facts that demonstrate any illegal policies, ratification of unlawful conduct by county officials, inadequate training, or the existence of a custom of acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Moreover, even if the complaint were filed against the individual officers, it fails to state a claim upon which relief may be granted. Federal courts have recognized that claims for false arrest or detention are cognizable under the Fourth Amendment (as applied to states through the Fourteenth Amendment, *New Jersey v. T.L.O.*, 469 U.S. 325, 334 (1985)), which prohibits "unreasonable searches and seizures." U.S. Const. Amend. IV. However, "a false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). Here, the plaintiff alleges that he was improperly held in a safety cell after having a verbal altercation with deputies and that he was detained unlawfully for over thirty days. However, the complaint does not provide any reason for why his detention was unlawful or why the arresting officers, whoever they were, lacked probable cause. And, common decency aside, there is no constitutional or statutory provision that prevents jail employees from acting rudely or treating inmates with

disrespect. Even with a generous read, the complaint fails to state a claim on which relief may be granted and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is **ORDERED** that the plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: December 14, 2020